# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0089
LT Case No. 2023-2120

_____

EPISCOPAL CHILDREN'S
SERVICES, INC.,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____

Administrative Appeal from the Department of Children and
Families.

John W. Wallace and Allan E. Wulbern, of Smith Hulsey &
Busey, Jacksonville, for Appellant.

Andrew J. McGinley, General Counsel, and Elizabeth S. Floyd,
Assistant General Counsel, Tallahassee, for Appellee.

June 20, 2025

PRATT, J.

The Department of Children and Families ("DCF") regulates child care facilities under the authority of sections 402.301 through 402.319, Florida Statutes (2023). In 2019 and 2021 rulemakings, DCF purported to amend a rule entitled, "Child Care Facility Standards Classification Summary" ("Classification Summary").

In its notices of proposed rule for both of those rulemakings, DCF did not include the full text of the Classification Summaries; instead, it incorporated them by reference through inactive hyperlinks. Applying the plain language of the Florida Administrative Procedure Act ("APA"), we hold that these attempted amendments were deficient, and both Classification Summaries constitute unadopted rules.

## I.

To regulate child care facilities, DCF issues the Classification Summary and the "Child Care Facility Handbook" ("Handbook"). The Handbook contains the standards that facilities must meet, while the Classification Summary categorizes violations of those standards according to the severity of each violation. Appellant Episcopal Children's Services, Inc. ("ECS") is a child care provider regulated by DCF. On April 19, 2023, DCF issued an administrative complaint against ECS, alleging that it left a child unattended on its playground. Unlike the pre-2019 Classification Summary, the 2019 and 2021 Classification Summaries categorized the alleged failure to supervise as a serious violation of DCF's child care operation standards.

ECS filed a response, answer, and request for a formal administrative hearing, challenging both the rules under which DCF issued the complaint and the complaint's factual allegations. The ALJ bifurcated the rule challenge from the factual dispute, and ECS amended its response to challenge both the 2019 and the 2021 rulemakings that purported to amend the Handbook and the Classification Summary. ECS claimed that the 2019 and 2021 Handbooks and Classification Summaries were unadopted rules. *See* § 120.52(20), Fla. Stat.; *see also* Fla. Admin. Code R. 65C-22.010(e)(1) (2025) (current codification of DCF regulation setting child care standards and referencing the 2021 Handbook); Fla. Admin. Code R. 65C-22.010(e)(1) (2025) (current codification of DCF regulation classifying violations of child care standards and referencing the 2021 Classification Summary).

Before the final hearing, the parties filed a joint stipulation. Among other things, DCF admitted that the 2019 and 2021 versions of its Handbook and Classification Summary are "rules"

2

as defined by the APA. *See* § 120.52(16), Fla. Stat. It also admitted that the full text of those documents was not published in the Florida Administrative Register at least 28 days prior to their adoption. In addition, DCF admitted that the notices of proposed rule referenced the Handbook and Classification Summary by hyperlinks that were not active at least 28 days prior to adoption of the proposed rule.

At the final hearing, the parties presented legal argument and relied on stipulated facts through joint exhibits. In an interlocutory order, the ALJ rejected ECS' unadopted rule defense, and that ruling was incorporated into DCF's final order on December 15, 2023. On January 10, 2024, ECS timely appealed that final order.

## II.

On appeal, ECS abandons its challenge to the 2019 and 2021 Handbooks, instead pressing only its unadopted-rule claim against the 2019 and 2021 Classification Summaries.

We begin by noting, as the parties stipulated below, that the Classification Summaries—and the rulemakings that purported to adopt them—are indeed rules. The APA defines "rule" as "each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the procedure or practice requirements of an agency," and the definition "includes any form which imposes any requirement . . . not specifically required by statute or by an existing rule." § 120.52(16), Fla. Stat. This definition plainly embraces the Classification Summary, entitled "CF-FSP Form 5316," which contains generally applicable agency statements that prescribe agency policy—namely, the severity of violations of DCF's child care standards. The APA's definition of "rule" also "includes the amendment or repeal of a rule." *Id.* Thus, the 2019 and 2021 rulemakings that purported to amend the Classification Summary are also "rules."

The APA defines "unadopted rule," in turn, as "an agency statement that meets the definition of the term 'rule,' but that has not been adopted pursuant to the requirements of § 120.54." § 120.52(20), Fla. Stat. Section 120.54 contains three provisions

3

relevant to this appeal. First, it establishes a public notice requirement for the adoption, amendment, or repeal of non-emergency rules like those at issue here. The notice of proposed rule must set forth, among other things, "the full text of the proposed rule or amendment," and it must "be published in the Florida Administrative Register not less than 28 days prior to the intended action." *Id.* § 120.54(3)(a). Second, the statute establishes requirements for incorporation of material by reference. *Id.* § 120.54(1)(i); *see also* Fla. Admin. Code R. 1-1.013(1) (2021) (Department of State regulation for incorporation by reference). And third, the statute prohibits amending rules by reference only. § 120.54(1)(i)4., Fla. Stat.

DCF observes that the 2019 and 2021 notices of proposed rule referenced the Classification Summary, and that DCF complied with the Department of State's regulation for incorporating materials by reference. *See* Fla. Admin. Code R. 1-1.013(1) (2021). Among other requirements, that regulation directs the rulemaking agency to "electronically file a complete and correct copy of all materials incorporated by reference in its rules through the Department of State's e-rulemaking website at www.flrules.org, no later than three (3) business days prior to the rule adoption." *Id.* DCF did so in the rulemakings at issue here, and the ALJ rejected ECS' unadopted-rule defense on that basis. DCF urges us to affirm that conclusion, arguing that, under the Department of State's regulation, it needed only to transmit the text of the proposed amended Classification Summary three business days prior to its adoption, and it did not need to publish the text (or an active hyperlink to the text) 28 days beforehand.

DCF's argument cannot be reconciled with its stipulations. Yes, the Classification Summary is "material incorporated by reference" within the meaning of section 120.54 and Rule 1-1.013, and it is thus subject to their requirements for incorporation by reference. But as DCF conceded, the Classification Summary is also a "rule" within the meaning of section 120.54. Therefore, it is subject to the statute's additional provisions relating to rules. One of those provisions requires the agency to set forth "the full text of the proposed rule or amendment" in a notice of proposed rule, and to publish the notice "not less than 28 days prior to the intended action." § 120.54(3)(a), Fla. Stat. This 28-day public notice

4

requirement contains no exception for rules that are incorporated by reference; "any" means "any." Another provision is that "[a] rule may not be amended by reference only." *Id.* § 120.54(1)(i)4. By failing to provide the full text of—or active hyperlinks to—the proposed amended Classification Summaries at least 28 days prior to their adoption,* and by purporting to amend the Classification Summaries only by reference to inactive hyperlinks, DCF deviated from both of these statutory rulemaking requirements.

DCF's argument also overreads Rule 1-1.013. That regulation does not purport to displace the APA's 28-day notice requirement for rules or its prohibition on amending rules by reference. It merely codifies the Department of State's requirements for incorporation by reference; it does not prohibit or prevent DCF's compliance with section 120.54's other rulemaking procedures. In particular, Rule 1-1.013 did not prohibit DCF from including in its notices of proposed rule the full text of—or active hyperlinks to—the proposed amended Classification Summaries.

Stated plainly, as DCF stipulated below, the 2019 and 2021 Classification Summaries are *both* materials incorporated by reference *and* rules. Therefore, they are subject to the requirements for both. DCF transmitted the full text of the proposed amended Classification Summaries to the Department of State in the prescribed electronic format at least three business days prior to their adoption, thus satisfying the requirements for incorporation by reference. However, by failing to include the full text of—or active hyperlinks to—the proposed amended Classification Summaries in its notices of proposed rule, DCF failed to comply with the 28-day public-notice requirement for rules, and it amended the Classification Summaries by reference only. In light of these failures to comply with the APA's rulemaking

---

* ECS limited its challenge to DCF's failure to publish active hyperlinks; it did not contend that an active hyperlink would fail the APA's "full text" public notice requirement. Therefore, we assume, without deciding, that DCF's publication of an active hyperlink would have satisfied the APA's full-text notice requirement.

5

procedures, we must hold that the 2019 and 2021 Classification Summaries are unadopted rules.

## III.

For the foregoing reasons, we reverse the final order on appeal and remand this matter for entry of a final order determining that the 2019 and 2021 Classification Summaries are unadopted rules that cannot form the basis for agency action against ECS. *See* § 120.57(1)(e), (2)(b), Fla. Stat.

REVERSED and REMANDED.

WALLIS and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____